## W. BICKFORD CO. v. MERRILL.

(Circuit Court of Appeals, First Circuit. November 18, 1920.)

No. 1476.

1. Patents ⬦167(1)—Claims construed in light of specification.
   A claim must be construed in the light of the specification.

2. Patents ⬦229—Process patent not infringed, if part of process is omitted.
   A process patent is not infringed, where any one of the series of acts which constitute the process is omitted, unless some equivalent act is substituted for the one omitted.

3. Patents ⬦328—1,231,183, for method of making moccasins, not infringed.
   The Merrill patent, No. 1,231,183, for method of constructing moccasin shoes, held not infringed.

Appeal from the District Court of the United States for the District of Maine; Clarence Hale, Judge.

Suit in equity by Harry E. Merrill against the W. Bickford Company. Decree for complainant, and defendant appeals. Reversed.

For opinion below, see 260 Fed. 207.

Frank A. Morey, of Lewiston, Me., for appellant.

Solomon W. Bates, of Portland, Me. (Robert Treat Whitehouse, of Portland, Me., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ANDERSON, Circuit Judge. This is a patent infringement case. The defenses are invalidity and noninfringement. The decision below was for the plaintiff on both issues. The defendant appealed.

The patent, No. 1,231,183, was issued to Harry E. Merrill, on June 26, 1917, on an application filed December 15, 1915. It is entitled "Method of Constructing Moccasin Shoes." The District Court held it valid and found an infringement of claim 1, which is as follows:

"The method of constructing moccasin shoes which comprises, first, securing a vamp to a sole, inserting a last, shaping the vamp to the last before an upper is attached, and subsequently attaching the upper to the vamp to complete the moccasin."

The District Court also found that the other four claims merely presented the same process in more detail.

[1] This claim must, of course, be construed in the light of the specifications. Walker, Patents (5th Ed.) § 186, and cases cited.

[2] "No process patent is infringed, where any one of the series of acts which constitute the process is omitted by the supposed infringer, unless some equivalent act is substituted for the one omitted." Id. § 338.

[3] The plaintiff's specification sets forth that the "invention relates to a novel method of making moccasin shoes"; that in making the common type of moccasin the sole and vamp are formed of a single piece of flexible leather, puckered by hand and drawn over the last, thus involving relatively large pieces of leather, because of the gathering and puckering where the vamp is sewed to the upper. Such construction is stated to be uneconomical, because of the waste of odd pieces of the large piece of leather from which the bottom and vamp member is made, and because of the necessity of using the highest grade of material for both sole and vamp, because of the wear which must be withstood by the sole.

The plaintiff's alleged invention is stated to relate to a novel method of constructing moccasin shoes, whereby such disadvantages are largely overcome or minimized, and the moccasin also made with a small amount of time and labor.

The accompanying drawings show that the plaintiff's moccasin consists of only four main parts: (1) The sole; (2) a single narrow strip of leather, called in the specification a vamp; (3) the tip or covering for the top of the foot, attached to the vamp; (4) the ankle covering, which may be made of several parts, sewed together in the usual fashion for shoes.

The method of construction is described as follows: A single narrow strip is attached by stitching or otherwise to the sole, so that the end seam of this narrow strip comes in the middle of the instep. When a two-piece vamp is used, both seams should be near the middle of the moccasin. Attention is directed to the fact that the vamp is a narrow strip, and that, by attaching it to the sole in the manner indicated, the vamp is caused to turn up substantially at a right angle with the sole, and that thus there is no appreciable puckering and gathering of the vamp as occurred in the old method of making moccasins. It is also

stated that an outer sole may be attached to the first sole by stitching or nailing.

Emphasis is laid on the fact that, as the vamp and sole are of separate pieces of leather, and as the vamp is subjected to much less wear than the sole, it may be made of a poorer quality of stock; also that the vamp may be secured to the sole, either on the under side or on the upper side of the sole, and that, if secured on the under side, an outer sole should be attached; also that the arrangement of the seam near the middle of the moccasin eliminates the heel seam, thus, as is alleged, distinguishing it from moccasins of the former type.

It is obvious that the foot covering thus described is not, accurately speaking, a moccasin at all. Webster's Dictionary defines a moccasin as "a shoe made of deer skin or other soft leather, the sole and upper part being one piece." The essence of the definition is that the sole and most of the upper part are one piece. It is obviously a shoe, the output of a period or of conditions in which knowledge or facilities, or both, for attaching the sole to the upper, so as to be practically waterproof, were lacking. When, as in the case of the plaintiff's foot covering, the upper is of two distinct parts, the result is a shoe. The fact that it may look somewhat like a moccasin, with an additional outer sole attached, does not make it a moccasin. It is nothing but a shoe made out of pieces of leather, cut with full regard to economy, both as to the use of high-grade stock only where there is most wear, and as to preventing waste in large and unavailable scraps.

It is also obvious that a shoe made under the plaintiff's patent is not wearable, unless made with a double sole to protect the edge of the vamp and the seam from speedy destruction, if the vamp is sewed on the lower side of the sole, or unless, if sewed on the upper side of the sole, a filler be put in the shoe to prevent the seam from hurting the foot of the wearer. Otherwise stated, claim 1, fairly construed, does not cover a process of making a complete, practicable shoe.

In the view we take of this case, it is unnecessary to determine whether a shoe, thus made, involves any invention; for, assuming that the court below was correct in holding the patent valid, we are constrained to the view that defendant's shoe is made by a different process, and that there is no infringement.

The vamp of the defendant's shoe is not a long narrow strip, like the plaintiff's; it is a horseshoe-shaped piece of leather. In the inside of this horseshoe-shaped vamp is sewed by zigzag stitches another piece of leather, which comes under the ball of the foot and operates as a filler. The vamp, when attached to the inner sole or filler, is nearly flat, so that when it is brought up around the last, the puckering effect that the plaintiff claims he avoids by the use of his narrow straight strip is not eliminated—at any rate to any substantial degree. When the defendant's shoe is lasted, the vamp has to be brought over the toe of the last and sewed to the leather constituting the tip or covering of the top of the foot, substantially in the same way as was required in making the old moccasin. Moreover, the defendant's vamp does not, like the plaintiff's vamp, extend all the way around the sole; it extends on both sides only to the instep. The rear part of the de-

fendant's shoe on both sides and around the ankle is made like other shoes in common use for many years. Back of the filler stitched zigzag within the horseshoe-shaped vamp is another supplementary filler, shown in one of the exhibits as made of wood, and covered by a piece of canvas nailed down. It is obvious that in the defendant's shoe the piece of leather stitched zigzag to the vamp—whether that piece of leather be called a sole or called a filler—does not perform the office of a true sole; outside of it and secured to the vamp are one or more soles, which are attached after the lasting takes place; whereas the plaintiff's vamp, consisting of one or at most two practically straight pieces of leather, is attached directly to the real sole before the lasting.

Taking the construction of the shoes and the processes of manufacture together, the defendant's shoe is radically different, both in method of construction and in result accomplished. Both plaintiff and defendant are manufacturing comparatively cheap and economically made shoes. Neither shoe is a moccasin, and the two products resemble each other only in minor aspects.

The result is that—assuming without intimating any opinion thereon that plaintiff's patent involves real invention—the defendant has been guilty of no infringement.

The decree of the District Court is reversed, and the case is remanded to that court, with direction to dismiss the bill, with costs, and the appellant recovers its costs of appeal.